United States District Court
Southern District of Texas
**ENTERED**
November 01, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT　　　　　　SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| Robert Delgado, § § Petitioner, § § v. § § Bobby Lumpkin, § Director, Texas Department of § Criminal Justice, Correctional § Institutions Division, § Respondent. § | Civil Action H-21-3065 |

# Report and Recommendation

　　　Robert Delgado, an inmate confined in the Texas Department of Criminal Justice, filed a form petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Delgado alleged that he was being retaliated against by prison officials, that he was deprived of due process, that prison officials were deliberately indifferent with respect to his safety in the prison, and that he was being subjected to cruel and unusual punishment. Because Delgado's claims relate to the conditions of his confinement rather than its legality, the court entered an order explaining that Delgado should bring these claims in a civil rights action under 42 U.SC. §1983. The court ordered Delgado to advise whether he intended to seek relief through a federal habeas petition or a civil rights action. (D.E. 4.) The court provided Delgado with a form for each option and gave Delgado specific instructions depending on which option he chose. *Id.*

　　　Delgado did not comply with the court's order and his time to do so has expired. A district court has inherent authority to dismiss a case for a litigant's failure to prosecute the action or his failure to comply with a court order. *See* Fed. R. Civ. P. 41(b); *see, e.g., Mutuba v. Halliburton Co.*, 949 F. Supp. 2d 677, 687 (S.D. Tex. 2013). Delgado's failure to comply as directed demonstrates that has failed to exercise diligence in prosecuting his case.

Therefore, dismissal without prejudice for want of prosecution is appropriate. *See* Fed. R. Civ. P. 41(b); *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998) (noting that a district court may sua sponte dismiss an action for failure to prosecute or to comply with any court order).

Accordingly, the court recommends that Delgado's federal habeas corpus petition be dismissed without prejudice. Delgado may seek to reinstate this case by: (1) filing an appropriate motion under Rule 60(b) of the Federal Rules of Civil Procedure; and (2) fully complying with the court's order to file a form civil rights complaint or federal habeas petition.

The court further recommends that a certificate of appealability not issue.

The petitioner has fourteen days from service of this report and recommendation to file written objections. *See* Rule 8(b) of the Rules Governing Section 2254 Cases; 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72. Failure to timely file objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *See Thomas v. Arn*, 474 U.S. 140, 147–49 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988).

Signed at Houston, Texas, on November 1, 2021.

Peter Bray
United States Magistrate Judge